IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS MARTINEZ-CARRANZA,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | CASE NO. 1:13-CR-00107-AWI-BAM<br><br>ORDER DENYING PETITIONER'S MOTION TO CORRECT, VACATE OR SET ASIDE SENTENCE PURSUANT TO 28 U.S.C. § 2255<br><br>(Doc. 21) |

## I. INTRODUCTION

This matter arises from the guilty plea of Petitioner Juan Carlos Martinez-Carranza ("Petitioner"). Petitioner is currently incarcerated at the Taft Correctional Institution. Petitioner brings a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 based on ineffective assistance of counsel. In a motion filed on February 6, 2015, Petitioner lists two grounds to support his claim for ineffective assistance of counsel: (1) failure to file a motion to suppress and (2) failure to correctly advise him on making a proffer and receiving a safety valve adjustment under USSG § 5C1.2. For the following reasons, Petitioner's motion pursuant to section 2255 will be denied.

## II. FACTS AND PROCEDURAL BACKGROUND

On February 27, 2013, in the county of Madera, California Highway Patrol (CHP) Officer Lloyd Pratt conducted a traffic stop on a gold Nissan Maxima. The car had been impeding traffic in the fast lane of State Route 99 by driving 54-55 mph where the posted speed limit was 65 mph. The driver was identified as Juan Carlos Martinez-Carranza on his Mexico Matricula card. The driver provided Officer Pratt with proof of insurance and vehicle registration. However, the driver did not have a driver license.

According to his police narrative, Officer Pratt smelled the odor of air freshener emitting from within the passenger compartment of the subject vehicle. He then directed the driver to exit the vehicle. Officer Pratt noticed the driver pat his pockets and then pick up a cell phone and put it in his pocket before getting out of the car. Officer Pratt conversed with the driver while waiting for a driver license check. After dispatch advised Officer Pratt that the driver was unlicensed, Officer Pratt told the driver to leave and have a good day. The driver started to walk away when Officer Pratt asked if he had any pistols in the car and the driver responded "no." Officer Pratt asked if he had large amounts of money in his car and the driver responded "no." Officer Pratt asked if he had any drugs in the vehicle and the driver responded "no." Officer Pratt then asked if he could search the vehicle and the driver nodded. Officer Pratt provided the driver with a consent-to-search form in Spanish. The driver indicated that he understood the form and signed it.

During the vehicle search, the CHP service canine alerted the Officer Pratt to the odor of narcotics by the right front dashboard. A more thorough search of the vehicle revealed approximately six pounds of crystal methamphetamine inside the airbag cover of the right front dashboard. The driver was then placed under arrest and interviewed at the Madera CHP Office.

Petitioner was charged in the Eastern District of California with possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii) as well as a forfeiture allegation pursuant to 21 U.S.C. § 853. On April 28, 2014, Petitioner pled guilty to the charge of Possession with Intent to Distribute 50 grams or more of methamphetamine. See Doc. 20. Petitioner was sentenced to 120 months custody and 60 months supervised release, and ordered to pay a $100 penalty assessment. See id. Petitioner waived his appeal rights. See id. On

February 6, 2015, Petitioner filed this motion pursuant to 28 U.S.C. § 2255, alleging multiple grounds of ineffective assistance of counsel. See Doc. 21. The Government has neither filed an opposition nor has the Court ordered any opposition be filed.

### III. LEGAL STANDARDS

Title 28 U.S.C. § 2255 provides, in pertinent part: "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside, or correct the sentence." Habeas relief is available to correct errors of jurisdiction and constitutional error but a general "error of law does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice." United States v. Addonizio, 442 U.S. 178, 185 (1979).

Mere conclusory statements or statements that are inherently incredible in a section 2255 motion are insufficient to require a hearing. See United States v. Howard, 381 F.3d 873, 879 (9th Cir. 2004); United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir. 1980). Under Rule 4(b) of the Rules Governing Section 2255 Proceedings, when a court receives a section 2255 motion, the court must initially screen it, and dismiss it summarily if it plainly appears that the moving party is not entitled to relief. See United States v. Quan, 789 F.2d 711, 715 (9th Cir. 1986).

### IV. DISCUSSION

**A. Waiver**

Generally, an express waiver of a statutory right, including the right to file section 2255 petitions, bars the defendant from moving the sentencing court to vacate, set aside, or correct the sentence. See United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993); see also Washington v. Lampert, 422 F.3d 864, 870 (9th Cir. 2005). "A defendant's waiver of his appellate rights is enforceable if the language of the waiver encompasses his right to appeal on the grounds raised, and if the waiver was knowingly and voluntarily made." United States v. Watson, 582 F.3d 974,

986 (9th Cir. 2009).

However, "a plea agreement that waives the right to file a federal habeas petition . . . is unenforceable with respect to an [ineffective assistance of counsel] claim that challenges the voluntariness of the waiver" itself.  Washington, 422 F.3d at 871.  In Washington, the petitioner waived his right to post conviction relief in return for a sentencing stipulation.  Id. at 866.  The Ninth Circuit held that the petitioner's ineffective assistance of counsel claim based upon his trial attorney's alleged undue pressure to enter this sentencing stipulation was not barred by the stipulation's waiver clause.  Id. at 868-69.  The court reasoned that an ineffective assistance of counsel claim cannot be barred by an agreement that, "itself", was "the very product of the alleged ineffectiveness," because "[t]o hold otherwise would deprive a defendant of an opportunity to assert his Sixth Amendment right to counsel where he had accepted the waiver in reliance on delinquent representation."  Id. quoting Jones v. United States, 167 F.3d 1142, 1145 (7th Cir. 1999).  In dicta, the Ninth Circuit had previously stated that an "ineffective assistance claim related only to counsel's alleged mishandling of the sentencing proceedings, not to the plea or the plea agreement" itself, cannot be challenged under section 2255 in the face of a movant's waiver of appeal.  United States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1994).  Nonetheless, the court "doubt[ed] that a plea agreement could waive a claim of ineffective assistance of counsel based on counsel's erroneously unprofessional inducement of the defendant to plead guilty or accept a particular plea bargain."  Id.; see also United States v. Jeronimo, 398 F.3d 1149 (9th Cir. 2005).

Likewise, other circuits have held, in the context of section 2255 challenges brought by federal prisoners, that otherwise effective waivers cannot bar ineffective assistance of counsel claims based upon the negotiation of plea agreements or waivers.  See United States v. White, 307 F.3d 336, 343 (5th Cir. 2002) ("We will follow this wealth of authority and hold that an ineffective assistance of counsel argument survives a waiver of appeal only when the claimed assistance directly affected the validity of that waiver or the plea itself."); United States v. Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001); ("[W]e hold that a plea agreement waiver of postconviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver."); DeRoo v. United

4

States, 223 F.3d 919, 924 (8th Cir. 2000) ("A defendant's plea agreement waiver of the right to seek section 2255 post-conviction relief does not waive defendant's right to argue, pursuant to that section, that the decision to enter into the plea was not knowing and voluntary because it was the result of ineffective assistance of counsel."); Jones, 167 F.3d at 1145 ("Justice dictates that a claim of ineffective assistance of counsel in connection with the negotiation of a cooperation agreement cannot be barred by the agreement itself—the very product of the alleged ineffectiveness.").

This court in the past has held that "where waivers of rights to appeal or collaterally attack a sentence or conviction are knowingly and voluntarily accepted as part of a negotiated plea agreement and where the petitioner's allegations challenge neither the voluntariness of the plea or its waivers, and where the grounds alleged are within the scope of the waivers, the waivers will be held enforceable against all challenges including those expressed as ineffective assistance of counsel." Ceja v. United States, 2010 WL 4806904, at *3 (E.D. Cal. 2010); see also Brohn v. United States, 2015 WL 1347198, at *4 (E.D. Cal. 2015); United States v. Chavez, 2013 WL 4780510, at *3 (E.D. Cal. 2013).

In the present case, Petitioner waived his right to appeal and expressly waived his right to contest his sentence under section 2255. See Doc. 14, 3:9-17. The plea agreement also stated that the waiver of those rights was knowing and voluntary. See Doc. 14, 3:9-17, 9:8-14. The Petitioner does not now specifically allege that the waiver was not knowing and voluntary.

**B. Safety Valve**

Petitioner claims that his counsel "confused him about of making a proffer and receiving substantial assistance of others in having his sentence been reduced under the sentencing guidelines § 5k1.1." See Doc. 21, p. 11. The court will liberally construe this to infer that Petitioner is alleging that his counsel did not effectively advise him about the safety valve interview and the importance of cooperation during that meeting and consequently Petitioner did not receive the 2-level safety valve reduction when he did not cooperate. He also claims that he was never given the opportunity to make or decline a safety valve proffer. Contrary to his assertion, the Petitioner was in fact given an opportunity for a safety valve proffer, but the government did not recommend the safety valve because of Petitioner's alleged failure to

cooperate and satisfy section 5C1.2(a)(5).

The plea agreement here specifies that "[t]he government further agrees to recommend a 2-level reduction in defendant's offense level pursuant to U.S.S.G. § 2D1.1(b)(16) which provides for such reduction where the defendant meets the criteria set forth in subdivisions (1) through (5) of U.S.S.G. § 5C.1.2 (Limitations on the Applicability of Statutory Minimum Sentences in Certain Cases), provided that the defendant meets these criteria and that the probation office agrees that the defendant meets these criteria and the defendant's criminal history category is determined to be 1. The defendant has not yet met with the government and provided all evidence and information concerning the offense." Doc. 14, p. 5.

The government ended up not recommending the safety valve adjustment though because "Mr. Martinez-Carranza did not satisfy § 5C1.2(a)(5), which requires the defendant to truthfully provide all evidence that defendant has concerning the offense to the government. The government is not recommending the 2-level reduction. Mr. Martinez-Carranza indicated, through his attorney, that he intended to participate in an interview for safety valve purposes. The parties met on March 3, 2014, and Mr. Martinez-Carranza was evasive, did not provide answers to many questions asked by the government, and denied knowing and/or refused to be forthcoming about the details surrounding his involvement in this drug transaction." Doc. 17-2, p. 2.

While there was indeed a safety valve clause in the plea agreement, Petitioner's claim fails because his counsel's alleged ineffectiveness occurred after the plea was entered into – that is counsel allegedly failed to inform Petitioner about the importance of cooperation before the safety valve meeting. See United States v. Magueflor, 220 Fed.Appx. 603, 604-605 (9th Cir. 2007) (claim of ineffective assistance of counsel does not implicate the voluntariness of the plea agreement containing a waiver of the right to collaterally attack where the ineffective assistance is alleged after the plea agreement was signed); see also Soto v. United States, 2009 WL 1862454, at *7 (E.D. Cal. 2009). Because the alleged ineffectiveness relates to the events leading up to the safety valve meeting and not to the plea agreement itself, the waiver clause applies. Since the language of the waiver explicitly precludes filing a section 2255 motion, and that waiver was knowingly and voluntarily made, the waiver is enforceable, and Petitioner's safety valve claim is

barred.

**C. Motion to Suppress**

Petitioner also claims ineffective assistance of counsel for failure to file a motion to suppress. Since this ineffective assistance of counsel claim does not relate to the plea agreement or the waiver, the waiver clause precludes it. Moreover, this claim fails to demonstrate the possibility of entitlement to relief for another reason as voluntary guilty pleas waive claims to antecedent constitutional violations.

The Fourth Amendment protects against unreasonable searches and seizures. See U.S. Const. amend. IV; Katz v. United States, 389 U.S. 347, 357-58 (1967). And the Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel. See U.S. Const. amend. VI; Yarborough v. Gentry, 540 U.S. 1, 5 (2003). However, "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollett v. Henderson, 411 U.S. 258, 267 (1973). An intentional and voluntary guilty plea bars the later assertion of constitutional challenges. See U.S. v. Bohn, 956 F.2d 208, 209 (9th Cir. 1992).

Petitioner here contends that his counsel failed to pursue whether Officer Pratt's initial stop for a slow rate of speed was proper. Petitioner also contends that Officer Pratt had insufficient grounds to prolong the detention to inquire into the presence of guns, money, or drugs in Petitioner's car and that consequently the consent to search the vehicle was tainted. Since Petitioner voluntarily entered a plea of guilty, these alleged antecedent constitutional violations are waived. Based on the foregoing, the Court finds that Petitioner is not entitled to an evidentiary hearing on this claim.

## V. APPEALABILITY

Unless a circuit justice or district judge issues a certificate of appealability ("COA"), an appeal may not be taken to the court of appeals from a final decision of a district judge in a habeas corpus proceeding or a proceeding under 28 U.S.C. § 2255. See 28 U.S.C. § 2253(c)(1); Muth v. Fondren, 676 F.3d 815, 818 (9th Cir. 2012). A COA may issue only if the applicant has made a

substantial showing of the denial of a constitutional right.  See 28 U.S.C. § 2253(c)(2).  To do so, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right."  Slack v. McDaniel, 529 U.S. 473, 479 (2000).  The Ninth Circuit will not act on a motion for a COA if the district court has not ruled first.  See Ninth Cir. R. 22-1(a); Wilson v. Belleque, 554 F.3d 816, 827 (9th Cir. 2009).

Here, the plea agreement demonstrates on its face a knowing and voluntary waiver of the right to challenge the sentence under section 2255, and Petitioner has not raised new facts or allegations demonstrating the contrary.  However, in the prior precedent that this court looked at -- that found a waiver clause preclusive to a later ineffective assistance of counsel claim – the judgments did not comprehensively specify what was in the plea agreement and if there was any peripheral connection between the alleged ineffective assistance and the plea agreement.  In this case, the alleged ineffective assistance of counsel occurred after the plea agreement was entered into, but Petitioner's potential eligibility for the 2-level safety valve reduction, provided he met the necessary criteria, was, in fact, mentioned by the plea agreement.  Accordingly, in this case, there is some tangential relationship between the grounds for ineffective assistance of counsel and the plea agreement.  Therefore, this court will issue a COA.

## VI. ORDER

Based on the foregoing, it is hereby ORDERED that:

1. Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 21 U.S.C. § 2255 is DENIED; and
2. The Court issues a certificate of appealability.

IT IS SO ORDERED.

Dated:   May 6, 2015                              _____
                                                                    SENIOR DISTRICT JUDGE

8